18-3013
Mejia-Ruiz v. Wilkinson

BIA
Straus, IJ
A 206 222 294

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of March, two thousand twenty-one.

PRESENT:
> JON O. NEWMAN,
> ROBERT A. KATZMANN,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

_____

FERNANDO MEJIA-RUIZ, AKA SERGIO
AMAYA-ACOSTA, AKA SERGIO AMAYA
KOTE, AKA SERGIO AMAYA-FOTI,
> *Petitioner*,

v.                                                              **18-3013**
                                                                NAC

ROBERT M. WILKINSON, ACTING UNITED
STATES ATTORNEY GENERAL,
> *Respondent*.[1]

_____

FOR PETITIONER:          Hamdan Qudah, Patterson, NJ.

FOR RESPONDENT:          Song Park, Corey L. Farrell, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Robert M. Wilkinson is automatically substituted for former Attorney General William P. Barr.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Petitioner Fernando Mejia-Ruiz, a native and citizen of Mexico, seeks review of a September 14, 2018, decision of the BIA affirming an August 15, 2017, decision of an Immigration Judge ("IJ") denying Mejia-Ruiz's application for asylum and withholding of removal.[2] *In re Fernando Mejia-Ruiz,* No. A 206 222 294 (B.I.A. Sept. 14, 2018), *aff'g* No. A 206 222 294 (Immig. Ct. Hartford Aug. 15, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have considered the IJ's decision as supplemented and modified by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). Accordingly, the only issues before us are (1) the BIA's conclusion that Mejia-Ruiz failed to establish a nexus to a protected ground as required for both asylum and withholding of removal and (2) the BIA's denial of the motion to remand.[3]

### I.      Nexus to a Protected Ground

The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014) (reviewing factual findings for substantial

---

[2] Mejia-Ruiz claims his true name is Sergio Amaya Kote; this summary order uses the name used by the agency. The notice to appear alleged that he was a native and citizen of Guatemala, but the IJ accepted his claim that he was a native and citizen of Mexico.

[3] Mejia-Ruiz did not challenge the denial of his CAT claim before the BIA and does not raise the claim in this Court. Accordingly, the claim is both unexhausted and waived. *See Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir. 2006) (finding no jurisdiction over CAT claim not raised before BIA); *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1 (2d Cir. 2005) (finding CAT claim abandoned where it was not argued in the brief). Similarly, he does not challenge the BIA's denial of humanitarian asylum.

evidence and questions of law de novo).

To demonstrate eligibility for asylum and withholding of removal, "the applicant must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant."[4] 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A); *see also Matter of C-T-L-*, 25 I. & N. Dec. 341, 348 (B.I.A. 2010). Asylum or withholding "may be granted where there is more than one motive for mistreatment, as long as at least one central reason for the mistreatment is on account of a protected ground." *Acharya v. Holder*, 761 F.3d 289, 297 (2d Cir. 2014). An applicant "must provide *some* evidence of [their persecutor's motives], direct or circumstantial." *INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992); *see also Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 291 (2d Cir. 2007). A nexus determination is fact-finding reviewed for substantial evidence. *See Gjolaj v. Bureau of Citizenship & Immigration Servs.*, 468 F.3d 140, 143 (2d Cir. 2006).

Mejia-Ruiz seeks asylum and withholding of removal based on his membership in the particular social group of "Americanized" persons. Even assuming that this group is cognizable, the agency reasonably determined that Mejia-Ruiz failed to demonstrate that he has a well-founded fear of future persecution on account of his membership in this group. Mejia-Ruiz testified that he feared returning to Mexico since a gang was extorting his two children because they knew Mejia-Ruiz was in the United States and sent home money. Mejia-Ruiz said the extortion threats began in 2012 and became stronger in 2014 after his son (who was briefly in the United States) returned to Mexico. Mejia-Ruiz said that the reason for the extortion was that the gang members believed that he made a lot of money in the United States. Mejia-Ruiz also acknowledged that the gang

---

[4] Unless otherwise indicated, in quoting cases, we omit all internal citations, quotation marks, footnotes, and alterations.

3

extorted from "everyone in the neighborhood." Certified Administrative Record 231. In support of his claim, Mejia-Ruiz submitted a declaration that his son made to the Mexican police that indicates that someone called his son demanding money, and that the caller stated that they knew Mejia-Ruiz was in the United States and "has made money." *Id.* at 42. Mejia-Ruiz also submitted two statements that his brother gave to Mexican police, claiming that some men wanted to harm Mejia-Ruiz.

The BIA did not err because the record lacks any direct or circumstantial evidence that Mejia-Ruiz would be targeted on account of being "Americanized." Mejia-Ruiz testified that he would be targeted for having money and that the gang targeted everyone for money. *See Elias-Zacarias*, 502 U.S. at 483 (requiring "*some* evidence" of a persecutor's motive) (emphasis in original). We do not discount Mejia-Ruiz's real fear that he could be victimized in Mexico, but without evidence of specific targeting on a protected ground, the unfortunate criminal activity that Mejia-Ruiz fears is not a legally cognizable basis for asylum or withholding of removal: "When the harm visited upon members of a group is attributable to the incentives presented to ordinary criminals rather than to persecution, the scales are tipped away from considering those people a particular social group." *Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 73 (2d Cir. 2007) (finding reasonable the BIA's determination that affluent Guatemalans was not a particular social group); *see also Melgar de Torres v. Reno*, 191 F.3d 307, 314 (2d Cir. 1999) ("general crime conditions" are not a protected ground for asylum and withholding of removal). This nexus determination is dispositive of both asylum and withholding of removal. 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A).

## II.     Motion to Remand

We review the BIA's denial of a motion to remand under the abuse of discretion standard.

4

*See Li Yong Cao v. U.S. Dep't of Justice*, 421 F.3d 149, 157 (2d Cir. 2005). "An abuse of discretion may be found in those circumstances where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the [BIA] has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001).

Here, the BIA did not abuse its discretion in declining to remand for the IJ to consider the new police reports, because they would not have altered the result in the case. *See Li Yong Cao*, 421 F.3d at 156; *see also Matter of Coelho*, 20 I. & N. Dec. 464, 473 (B.I.A. 1992) ("[T]he Board ordinarily will not consider a discretionary grant of a motion to remand unless the moving party meets a 'heavy burden' and presents evidence of such a nature that the Board is satisfied that if proceedings before the immigration judge were reopened, with all the attendant delays, the new evidence offered would likely change the result in the case."). Mejia-Ruiz submitted two police reports that indicate that some individuals have threatened him. The reports do not reflect who made the threats, the nature of the threats, or the motivation for the threats. The reports, then, do not alter the agency's dispositive conclusion that Mejia-Ruiz failed to show he would be harmed on account of his "Americanized" status or any cognizable protected ground.

For the foregoing reasons, the petition for review is **DENIED**. All pending motions and applications are **DENIED** and stays **VACATED**.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

5